# EXHIBIT A

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-014683-CL<br>Hon. Catherine L. Heise |
|---|---|---|

Court telephone no.: 313-224-5225

| Plaintiff's name(s), address(es), and telephone no(s)<br>SAMPLE, DEREK | v | Defendant's name(s), address(es), and telephone no(s).<br>PERFECTION BAKERIES, INC d/b/a Aunt Millies and/or Aunt Millie's Bakeries |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Nancy Katherine Chinonis 71350<br>503 S Saginaw St Ste 1000<br>Flint, MI 48502-1822 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/19/2025 | Expiration date*<br>12/19/2025 | Court clerk<br>Jacqueline Ruff |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)    **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



**SUMMONS**
Case No. : **25-014683-CL**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| | |

Place or address of service

Attachments (if any)

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

on __10/6/25 — 10:00 AM__
Date and time

Attachments (if any)

Darrel G. Cornell   on behalf of __Defendant__

Signature: Darrel Cornell

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DEREK SAMPLE                                     CASE NO. 2025 -_____-CL

     Plaintiff,                                         HON: _____

vs.

PERFECTION BAKERIES, INC.
d/b/a Aunt Millie's and/or
Aunt Millie's Bakeries

     Defendant.

_____

Nancy K. Chinonis P-71350
Cline, Cline & Griffin, P.C.
Attorney for Plaintiff
503 S. Saginaw Street, Suite 1000
Flint, MI 48502
(810) 232-3141
nchinonis@ccglawyers.com
_____

### PLAINTIFF'S COMPLAINT

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this Complaint, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

NOW COMES Plaintiff Derek Sample, by and through his attorneys, CLINE, CLINE & GRIFFIN, PC, specifically, Nancy K. Chinonis, and Complaints of Defendant as follows:

1.    Plaintiff is a resident of the County of Wayne State of Michigan.

2.    Defendant Perfection Bakeries, Inc. is a foreign for-profit corporation that transacts business in Wayne County, State of Michigan.

Page **1** of **5**

3. Defendant Perfection Bakeries, Inc. conducts business in Wayne County State of Michigan under the assumed names of Aunt Millies and/or Aunt Millie's Bakeries.

4. The claims that Plaintiff asserts in this case against Defendant includes:
    a) Public Policy Wrongful Worker's Compensation Retaliation; and
    b) Public Policy Wrongful Termination.

5. The amount in controversy in this case exceeds Twenty-Five Thousand Dollars ($25,000.00).

6. This Court has subject matter jurisdiction over this case based on the general subject matter jurisdiction provision of the Revised Judicature Act, MCL 600.605

7. This is a Court of proper venue for this action under MCL 600.1621 because this is the County in which Plaintiff resides.

8. This is a Court of proper venue for this action under MCL 600.1621 because this is the Court in a County wherein Defendant transacts business.

9. This is a Court of proper venue for this action because this is the Court in the County in which the facts supporting this cause of action arose.

## GENERAL ALLEGATIONS

10. Plaintiff Derek Sample began his employment with Defendant in April 2010.

11. Plaintiff enjoyed his job at Defendant.

12. From the beginning of Plaintiff's employment with Defendant, and throughout Plaintiff's employment, Plaintiff performed his job well.

13. During the later stages of Plaintiff's employment, Plaintiff sustained a work-related injury when a plastic basket became loose from an overhead conveyor belt.

14. On or about February 3, 2024, Plaintiff observed a large plastic basket falling towards him from an overhead conveyor, and injured his neck as the basket fell towards him.

Page **2** of **5**

15. As Plaintiff was filling out an incident report, another basket fell off of the overhead conveyor belt and struck Plaintiff on his head.

16. After he sustained a work-related injury, Plaintiff initiated proceedings under the State of Michigan Worker's Compensation Act, for the injuries he sustained during his employment.

17. Following the work-related injury, Plaintiff was diagnosed with a head contusion, head injury, and cervical strain at Concentra Medical Center in Romulus, Michigan.

18. On March 21, 2024, Dr. Gary Davis, MD returned Plaintiff to work with no restrictions.

19. Plaintiff was terminated by Defendant on March 22, 2024.

20. Plaintiff was discharged in substantial part, based on retaliation for his initiating proceedings under the State of Michigan Worker's Compensation Act.

21. Based on Defendant's wrongful acts, Plaintiff has suffered past and future economic damages as well as past and future emotional and mental anguish damages.

22. Plaintiff also seeks a statutory attorney fee award.

## COUNT I:
## PUBLIC POLICY WRONGFUL RETALIATION

23. Plaintiff incorporates by reference Paragraphs 1-22 above.

24. During his employment, Plaintiff instituted Worker's Compensation proceedings as a result of a work-related injury he sustained while working at Defendant.

25. Defendant was angered at Plaintiff because he initiated proceedings under the State of Michigan Worker's Compensation Act.

26. Defendant suspended Plaintiff without notice and without pay, in substantial part, because Plaintiff instituted a Worker's Compensation Proceedings as a result of a work-related injury.

27. It is against the public policy of the State of Michigan for an employer to retaliate against an employee because the employee institutes Worker's Compensation proceedings as a result of a work-related injury.

28. Accordingly, Plaintiff asserts a Public Policy Wrongful Retaliation Claim against Defendant, and seeks all available remedies at law and in equity against Defendant.

### COUNT II:
### PUBLIC POLICY WRONGFUL TERMINATION

29. Plaintiff repeats and re-alleges word for word and paragraph for paragraph those answers contained in Paragraphs 1-28 as though fully incorporated here.

30. During his employment, Plaintiff instituted Worker's Compensation proceedings as a result of a work-related injury he sustained while working at Defendant.

31. Defendant discharged Plaintiff, in substantial part, because Plaintiff instituted Worker's Compensation Proceedings as a result of a work-related injury he sustained at Defendant

32. It is against the public policy of the State of Michigan for an employer to terminate an employee because the employee institutes Worker's Compensation proceedings as a result of a work-related injury.

33. Accordingly, Plaintiff asserts a Public Policy Wrongful Termination Claim against Defendant, and seeks all available remedies at law and in equity against Defendant.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for damages in such sum in excess of twenty-five thousand dollars ($25,000.00) as the jury deems just, together with costs, interest and attorney's fees pursuant to statute.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in the captioned case as guaranteed by Rule 2.508(B) of the Michigan Court Rules.

Respectfully Submitted,

**CLINE, CLINE & GRIFFIN, P.C.**

Dated: September 19, 2025

*/s/ Nancy K. Chinonis*
Nancy K. Chinonis P-71350
Attorney for Plaintiff
503 S. Saginaw Street, Ste. 1000
Flint, MI 48502
(810) 232-3141
nchinonis@ccglawyers.com